IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD BEACHAM,                )
                                )
         Plaintiff,             )
                                )
    v.                          )    No.  11 C 7936
                                )
AEROTEK, INC., et al.,          )
                                )
         Defendants.            )

## MEMORANDUM OPINION AND ORDER

Oshkosh Specialty Vehicles, Inc. ("Oshkosh") has filed its Answer and Defenses ("ADs") to the race discrimination Complaint brought against it by Richard Beacham ("Beacham"). This sua sponte memorandum opinion and order is triggered by a repeatedly occurring problematic aspect of that responsive pleading.

Many of the Answer's responses (Answer ¶¶6, 7, 16-21, 23, 24, 27-38 and 42) follow an invocation of the disclaimer of some of Beacham's allegations--a disclaimer that tracks the language of Fed. R. Civ. P. ("Rule") 8(b)(5)--by stating that Oshkosh "therefore denies same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

For years this Court has been patient with lawyers who obviously know Rule 8(b)(5) and employ its terms accurately but

who then impermissibly go on in the manner that has been described here[1]--it has been a full decade since this Court issued and published the Appendix in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001) that included the same failing as one of the repeated errors by defense counsel that it has encountered over the years. But even though the sin thus committed may be venial, forgiveness does not necessarily follow. Enough is enough--because it would appear that the purported denial cannot have been advanced in the objective good faith demanded by Rule 11(b), Oshkosh's counsel is ordered to show cause on or before January 30, 2012 (1) why the filing has not violated that Rule and (2) why, if so, no sanction should be imposed (see Rule 11(c)(3) and (4)).

To turn to Oshkosh's ADs, two of them call for brief comments. Although what is said here is not intended to be exhaustive, so that Beacham's counsel is free to raise any other asserted problems, ADs 1 and 5 bear specific mention:

    1. AD 1 is not truly an affirmative defense, for Oshkosh's Answer ¶3 had already denied its employment of Beacham for Title VII purposes--in that respect, see App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Accordingly AD 1 is stricken

---

[1] By chance, today's filings in this Court's chambers include one by another lawyer who has committed the same offense.

2

(having put the matter in issue, Oshkosh suffers no loss thereby).

2. AD 5, which asserts Oshkosh's right of indemnification by codefendant Aerotek, Inc., is not of course a defense to Beacham's claim against it. That AD is also stricken.

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 20, 2012